**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4334
_____

BENJAMIN ASHMORE, individually and a father of F.A. and B.A.,
Appellant

v.

BRIAN ASHMORE; CATHY ASHMORE; JEFFREY ASHMORE;
PATTI ASHMORE; ANNE SHEPPARD; JAN WAGNER; THOMAS WAGNER
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-11-cv-05708)
District Judge: Honorable Jose L. Linares
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 8, 2012

Before: JORDAN, HARDIMAN and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 12, 2012 )
_____

OPINION
_____

PER CURIAM

The appellant, Benjamin Ashmore, proceeding pro se, appeals the order of the

District Court dismissing his complaint for failure to state a claim of defamation against

any of the defendants. For the reasons that follow, we will affirm.

I.

Appellant Benjamin Ashmore filed a complaint in the Superior Court of New Jersey, Bergen County, in August 2011. Defendants removed the case to District Court on the basis of diversity jurisdiction in September 2011. Ashmore's claims arise out of a long divorce and custody dispute in New York with his ex-wife, Kelly Ashmore (not a party to the litigation). Because we write for the parties, who are familiar with the background of the divorce proceedings, we will not recount the detailed events of the proceedings here.

Defendants are family members of Ashmore's and Kelly's, who Ashmore alleges made three sets of defamatory statements during the course of the proceedings, including: (1) communications between defendants and Dr. Wilma Cohen Lewis, a court appointed psychologist; (2) statements to Brad Nacht, the Law Guardian for Ashmore's children, and to Howard Yagerman, Kelly's attorney; and (3) defendants Jan and Thomas Wagner's (Kelly's parents) referral of Ashmore to the New York City Administration for Children's Services ("ACS") under allegations of child abuse.

Defendants filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), claiming broadly that all of the statements at issue were protected by New Jersey's absolute litigation privilege. Defendants also based their motion on Rule 12(b)(2), alleging that the court lacked personal jurisdiction. Finding that Ashmore's complaint failed to state claims upon which relief could be granted, the District Court

2

granted the motion and dismissed the complaint with prejudice. Appellant filed a timely notice of appeal.

## II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's order is plenary. See Dique v. N.J. State Police, 603 F.3d 181, 188 (3d Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)). In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III.

We agree with the District Court that the complaint failed to state a claim for defamation. New Jersey's absolute litigation privilege applies to communications "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.'" Hawkins v. Harris, 661 A.2d 284, 289 (N.J. 1995). New Jersey courts have interpreted the first prong of the test broadly. See DeVivo v. Ascher, 550 A.2d 163, 165 (N.J. Super. Ct. App. Div. 1988). The privilege extends beyond in-court proceedings so that litigants can engage in discovery and investigation, so that witnesses are not prohibited from coming forward, and so that

3

settlement negotiations are not hindered.  See Williams v. Kenney, 877 A.2d 277, 286-87 (N.J. Super. Ct. App. Div. 2005).

The first set of statements falls squarely within the scope of the New Jersey litigation privilege.  The defendants communicated with Dr. Lewis[1] in the course of a judicial proceeding.  See P.T. v. Richard Hall Cmty. Mental Health Ctr., 837 A.2d 436, 449-50 (N.J. Super. Ct. Law Div. 2002) (communications by a court-appointed psychologist in child custody case to judges, a state agency, and custodial mother were made in context of litigation and protected by the litigation privilege).  The court appointed Dr. Lewis to speak with Ashmore, Kelly, their children, and their family members to gather information to aid the court.  The District Court considered this task to be akin to "pre-trial discovery," and we find no error with that characterization.  The defendants, while not litigants in the underlying proceedings, were all participants authorized by law.  Indeed, the court tasked Dr. Lewis with interviewing the defendants so that she could provide a recommendation concerning custody.  Their statements were made to achieve the object of the litigation (a custody order), and had a logical relation to the action.  Accordingly, the defendants' statements to Dr. Lewis meet the four-part test in Hawkins.

---

[1] Each of the defendants made statements to Dr. Lewis, many of which depicted Ashmore as abusive, a liar, a "psychopath," and other epithets.  The District Court acknowledged that a jury might find the statements defamatory, were they not protected by the litigation privilege.

The second set of statements—those made to Nacht and Yagerman—are also protected by the privilege.  Defendants Cathy Ashmore (the appellant's sister-in-law) and Jeffrey and Patti Ashmore (the appellant's parents) wrote letters to Nacht, the children's Law Guardian.[2]  The District Court determined that the statements to Nacht were made in connection with judicial proceedings, as they were intended to provide information about the children to the court for its review of the totality of the circumstances.  See Eschbach v. Eschbach, 436 N.E.2d 1260, 1263 (1982) (New York courts base custody decisions on totality of circumstances).  As the District Court reasoned, denying the privilege would deter family members from communicating crucial information in the children's best interest to guardians, attorneys, and advocates.  See Hawkins, 661 A.2d at 289.  The District Court also determined that the defendants were "participants authorized by law" since they had been solicited for information regarding the underlying proceedings.  Finally, the District Court reasonably found that the statements satisfied the third and fourth elements of the Hawkins test in that they were intended to influence the court's custody decision and were relevant to the underlying proceedings.  See id. at 290 (relevancy required is a general frame of reference and relationship to the subject matter of the action).

---

[2] Cathy detailed her concerns about the welfare of the children and her opinions on Ashmore's parenting and his treatment of other family members.  Jeffrey and Patti's letter informed Nacht of their petition to the court to allow them access to their grandchildren and that they were supporting Kelly through the proceedings.

Jeffrey and Patti forwarded their letter to Nacht to Yagerman. They also wrote a letter directly to Yagerman regarding the circumstances of their support for Kelly instead of their son. Cathy wrote a letter to Yagerman about a motion Ashmore had filed and to express her reasons for supporting Kelly. We find no error with the District Court's conclusion that the statements were made in the course of the proceedings. Each letter references the proceedings, their role in the children's lives and their rights affected by the proceedings, and their responses to Ashmore's motion in which he named them. The defendants all had relevant information and opinions to share with her attorney. Thus, the statements to Yagerman meet the first prong of the Hawkins test. The District Court also reasonably concluded that the defendants were participants authorized by law, given that Jeffrey and Patti's rights were at issue and that Cathy (and Jeffrey) was a collateral witness to the proceedings. Like the statements to Nacht, the statements to Yagerman satisfied the third and fourth elements of the Hawkins test in that they were intended to influence the court's custody decision and were relevant to the underlying proceedings. See id.

As to the third set of statements, persons who report child abuse "have immunity from any liability, civil or criminal, that might otherwise be imposed." N.J. Stat. Ann. § 9:6-8.13. Thus, Jan and Thomas Wagner are immune from Ashmore's defamation claim.

Accordingly, we will affirm the District Court's judgment dismissing Ashmore's claims of defamation. His request for oral argument is denied as unnecessary.

6